The Supreme Council of the Order of Chosen Friends *v.* Forsinger.

No. 14,329.

## THE SUPREME COUNCIL OF THE ORDER OF CHOSEN FRIENDS *v.* FORSINGER.

LIFE INSURANCE.—*Benefit Society.*—*Certificate of Membership a Contract of Insurance.*—*Right of Action.*—*Refusal of Officers to Allow Claim.*—The certificate of membership issued to a member of a mutual benefit insurance society is a contract of insurance, and his right to recover upon it does not depend upon the action of the officers of the society, for if he has performed his part of the contract, and is totally disabled by disease or accident, he has a complete cause of action. A refusal by the officers of the society to allow the claim will not defeat a recovery.

SAME.—*Arbitrary Rejection of Proofs.*—While a member must comply with the requirements of the valid by-laws of the association, the officers can not defeat his claim by arbitrarily rejecting his proofs as unsatisfactory, or by wrongfully declaring that he has not done what his contract and the by-laws of the association required of him.

SAME.—*Complaint.*—*Necessary Averments.*—*Proof of Disability.*—In an action against such society a complaint which sets up the contract, alleges performance of the conditions by the plaintiff, avers that he was totally disabled, and that he has made proper proof of his disability, is sufficient without averring that the proof was satisfactory to the corporate officers.

SAME.—*Presentation of Claims.*—*Mode of Procedure.*—*Property Rights.*—It is competent for a mutual benefit society to provide for the presentation of claims to officers designated in its by-laws, and, therefore, it may prescribe a mode of procedure, provided such mode of procedure does not deprive parties of property rights.

SAME.—*By-Laws.*—*Appeal to the Governing Body.*—*Decision of Subordinate Officers made Conclusive.*—*Invalidity of Provision.*—*Plea in Bar.*—By-laws of a mutual benefit society requiring the presentation of claims to subordinate officers, and requiring, in case of a decision adverse to the claimant, an appeal to the governing body of the society, are valid, but a provision of such by-laws which assumes to make the decision of the subordinate officers final and conclusive is void.

SAME.—*Failure to Appeal to Governing Body.*—*Plea in Abatement.*—In an action by a certificate-holder, an answer alleging the failure of the plaintiff to appeal to the governing body before bringing the action, is good as a plea in abatement.

CONTRACT.—*Ouster by Parties to of Jurisdiction of Courts.*—*Invalidity of Agreement.*—It is not competent for parties in advance of any dispute to oust

the jurisdiction of the courts by providing that the decision of persons named in the contract shall be final and conclusive.

From the Marion Superior Court.

*F. M. Finch* and *J. A. Finch*, for appellant.

*G. Carter* and *J. N. Binford*, for appellee.

ELLIOTT, J.—The appellee's complaint is founded upon a certificate of membership issued to him by the appellant. The by-laws of the corporation contain, among others, this provision :

"Should a member become totally and permanently disabled from following his or her usual or other vocation, by reason of disease or accident, such member, upon the receipt and approval of satisfactory proofs, as hereinafter provided, shall be entitled to a benefit not exceeding one-half of the relief fund certificate held by him or her."

The certificate issued to the appellee is a contract of insurance, and his right to recover upon it does not depend upon the action of the officers of the society, for if he has performed his part of the contract, and is totally disabled by disease or accident, he has a complete cause of action. A refusal by the officers of the society to allow the claim will not defeat a recovery. The appellee was, of course, bound to comply with the terms of his contract and with the lawful by-laws of the society. The valid provisions of the by-laws do, indeed, form part of his contract, and are of controlling force. *Supreme Lodge, etc.*, v. *Knight*, 117 Ind. 489 (496); *Pfister* v. *Gerwig*, 122 Ind. 567. But while it was necessary for the appellee to comply with the requirements of the valid by-laws of the association, it was not in the power of the officers to defeat his claim by arbitrarily rejecting his proofs as unsatisfactory or by wrongfully declaring that he had not done what his contract and the by-laws of the association required of him. It was not necessary, therefore, for the appellee to do more than appropriately show, by his complaint, the contract with the corporation, performance of the con-

ditions on his part, that he was totally disabled, and that he had made proper proof of his disability. He was not bound to go further and allege that his proofs were such as satisfied the corporate officers. It was enough for him to show that they were such as his contract' and the law of the land require. He was not bound to anticipate and avoid defences ; it was sufficient for him to make a *prima facie* case.

The appellant, by way of answer in abatement, sets forth the following by-law:

" Section 6. On receipt of the proper notice of disease or accident disability, under section 4 of this article, the supreme councillor shall proceed to investigate the same. If at any time he deems the facts to warrant it, he may appoint one or more physicians, whose duty it shall be to make a careful examination of the member's condition, and report as to the character and permanence of the disability. If such report shows a disability of an unquestionably total and permanently disabling character, the supreme councillor, supreme recorder and supreme medical director may approve the same, and order the benefit paid. If, however, in the opinion of said officers, there is any doubt concerning the permanence of the disability, they shall postpone the matter for any period they may determine upon, not exceeding one year, and shall then order a new examination either by the same or other physicians. If the result of the second examination be also uncertain, said officers may, in like manner, provide for a third, upon the result of which they shall either pay, or refuse to pay, the benefit claimed. This decision shall be final and conclusive upon the parties affected thereby unless reversed upon appeal by the supreme council in regular session. Any claimant feeling aggrieved may take such an appeal by serving notice thereof upon the supreme recorder within thirty days after receipt of notice by the claimant of the decision, by the claimant, his or her personal representatives. The supreme council shall accord the

appellant a hearing at its next regular session, and dispose of the matter."

The answer sets out other provisions concerning appeals and regulating the mode of procedure. Both the complaint and the answer show that the claim was presented to the officers named in the by-laws, that action upon it was postponed, as the by-laws provide, and that it was finally rejected. The trial court held the answer bad, and that ruling is questioned by the assignment of errors.

Our decisions declare that it is not competent for parties in advance of any dispute to oust the jurisdiction of the courts by providing that the decision of persons named in the contract shall be final and conclusive. *Louisville, etc., R. W. Co.* v. *Donnegan,* 111 Ind. 179 ; *Supreme Council, etc.,* v. *Garrigus,* 104 Ind. 133 ; *Bauer* v. *Samson Lodge, etc.,* 102 Ind. 262 ; *Kistler* v. *Indianapolis, etc., R. R. Co.,* 88 Ind. 460.

There is some diversity of opinion upon this question, but the weight of authority sustains the doctrine declared by our own decisions. An author, who has given the question full consideration, says : " It is a settled principle of law that parties can not by contract oust the courts of their jurisdiction, and agreements to refer to future arbitration will not be enforced in equity and will not be sustained as a bar to an action at law or a suit in equity." Bacon Benefit Societies, section 450. This principle is asserted by the Supreme Court of the United States, by the English courts, and by other tribunals. *Insurance Co.* v. *Morse,* 20 Wall. 45 ; *Scott* v. *Avery,* 5 H. L. Cases, 811 ; *Thompson* v. *Charnock,* 8 Term R. 139 ; *Reed* v. *Washington Insurance Co.,* 138 Mass. 572 ; *Stephenson* v. *Piscataqua F. & M. Ins. Co.,* 54 Maine, 55. The logical conclusion from this long settled doctrine is that parties can not by contract provide for the conclusive settlement of questions before such questions arise, by designating persons to adjudicate upon them, and this conclusion has often been given effect in cases such as this by other

courts as well as by our own. *Mentz* v. *Armenia Fire Ins. Co.,* 79 Pa. St. 478 ; *Lauman* v. *Young,* 31 Pa. St. 306 ; *Gray* v. *Wilson,* 4 Watts, 39 ; *Wood* v. *Humphrey,* 114 Mass. 185 ; *Rowe* v. *Williams,* 97 Mass. 163 ; *Braunstein* v. *Accidental, etc., Ins. Co.,* 1 Best & Sm. 782.

It is obvious that there is a distinction between cases where the agreement that the decision of designated persons shall be conclusive is made after a dispute has actually arisen, and cases where it is made prior to the existence of any controversy. One reason for this distinction is that parties may revoke an agreement to submit to arbitration and appeal to the courts for redress, and this right is one which can not be abridged by an agreement made before either party can know what the nature of the controversy will be. The rule which we approve commends itself by its fairness and justice, for there is nothing unjust in declaring that parties may appeal to the courts of the country for redress, while there is something of unfairness in a provision which makes the decision of interested corporate officers final, and excludes resort to the judicial tribunals of the land. The rule we favor is both expedient and just.

As the provision declaring that the decision of the officers named shall be final is ineffective the answer would not be good as a plea in bar, but if good at all it is good as a plea in abatement, so that if there is a valid defence the appellant rightly pleaded it in abatement. The question, therefore, is this: Does the failure of the appellee to appeal to the Supreme Council constitute matter in abatement, and preclude him from maintaining this action ?

It is competent for a mutual benefit society to provide for the presentation of claims to officers designated in its by-laws. This much is clear. *Harrington* v. *Workingmen's Benevolent Ass'n,* 70 Georgia, 340 ; *Anacosta, etc.,* v. *Murbach,* 13 Md. 91 (71 Am. Dec. 625). If it has this right, then it seems equally clear that it may prescribe a mode of procedure, provided that the mode of procedure prescribed

is not such as to deprive parties of property rights.  As we have, in effect, already declared, property rights can not be destroyed by what some of the courts denominate "these self-constituted judicatories." *Lamphere* v. *Grand Lodge, etc.*, 47 Mich. 429 ; *Cullen* v. *Duke of Queensbury*, 1 Bro. C. C. 101 ; *Austin* v. *Searing*, 16 N. Y. 112 (69 Am. Dec. 665, and note).  But requiring claims for benefits to be presented to the officers of the association is not, in any just sense, an invasion of the property rights of the member, nor is a by-law requiring their presentation unreasonable.  The authorities are well agreed upon this question.  *Van Poucke* v. *Netherland, etc., Society*, 63 Mich. 378 ; *Bauer* v. *Samson Lodge, supra;* Bacon Benefit Societies, section 94.  It is not unreasonable to provide that the member claiming benefits shall appeal to the governing body of the association. The member voluntarily enters the association with knowledge of its by-laws, and agrees to be bound by such as are not in violation of law, and certainly no principle of law is violated in making provision for the submission of claims of a member to the highest body of the association with which he voluntarily unites himself.  It is but just to the association that its chief officers should have an opportunity to investigate the claim asserted by the member before it is harassed by litigation ; and, indeed, the provision is presumptively for the benefit of the member, for the fair inference is that the governing officers will do their duty and allow all rightful claims.  At all events, there is no principle of law violated by a by-law requiring an appeal to the governing body.  By-laws similar to that under consideration have often been upheld.  There is, indeed, no contrariety of opinion upon the question.  We have no doubt that a by-law requiring the presentation of claims to subordinate officers, and requiring, in case of a decision adverse to the claimant, an appeal to the governing body of the society, is reasonable and valid.

The by-laws of the appellant do require an appeal to the

governing body, and, in so far as this requirement is concerned, they are effective, although the attempt to make the decision of the subordinate officers conclusive is abortive.

The provision which assumes to make the decision of the supreme councillor, supreme recorder and supreme medical examiner final and conclusive, is so distinct and different from the provisions concerning appeals that its invalidity does not destroy their force. It is well settled that part of a by-law may be valid although other parts may be void.

The language of the by-law is plain and explicit upon the subject of appeals to the supreme council. It is not, as counsel for appellee argue, a mere privilege that is conferred upon claimants by the provisions concerning appeals, but, on the contrary, a duty is imposed upon them. The provision is that the decision of the officers named shall be final, unless reversed on appeal by the supreme council, and this, of itself, implies that the claimant must appeal to that body. But there are other provisions which make it quite clear that the claimant must appeal or accept the decision of the officers designated as a conclusive adjudication upon the merits of his claim. The clear implication from all the provisions of the by-laws is that the member must, at least, exhaust the remedies provided by the contract before seeking aid from the courts, or show some excuse for his failure to do so. We do not doubt that if the officers of the society should refuse an appeal, or do any act hindering or delaying an appeal, the member might at once invoke the assistance of the courts. *Supreme Sitting, etc.,* v. *Stein,* 120 Ind. 270. But it can not be presumed, in the absence of averments to the contrary, that the officers have been guilty of a breach of duty, so that it is incumbent upon a party who relies upon the wrong of the corporate officers to show by affirmative allegations their wrongful conduct.

The authorities, as we have said, are agreed upon the proposition that mutual benefit societies may require an appeal to the governing body as a condition precedent to a right of

action, so that upon that question there can be no doubt; indeed, the only doubt is whether they may not go further and make the decisions of the officers designated in the contracts with their members final and conclusive. In this instance the by-laws provide that the decision of the subordinate officers designated shall be final, unless reversed on appeal by the supreme council, so that the only infirmity is that created by the attempt to substitute tribunals chosen by the parties themselves for those established by the law of the land. It was competent to provide that the decision of the officers should be sought, and it was also competent to provide that a member dissatisfied with their decision, should, before resorting to the courts, appeal to the governing body of the association, although it was not competent to make the decision final and conclusive. It is well settled that the decisions of arbitrators, engineers, architects or others named in a contract as persons to whom controversies may be referred, are deemed to be *prima facie* right, and it is nothing more than an application of an old principle to a new instance to hold that where the contract of a member with a mutual benefit society provides that designated officers shall pass upon the validity of his claim their decision shall be deemed *prima facie* valid. Even if the decision is merely *prima facie* right, the only mode of first questioning it must, upon principle and authority, be that provided by the contract. Until the claimant has done what his contract requires, or has shown some valid excuse for not doing it, he can not have any standing in court. It is going quite as far as authority or principle will justify to hold that although the parties have contracted that the decision of designated persons shall be final, the decision can only be deemed *prima facie* correct, and we can not go further and hold that although a party refuses to appeal to the governing body of an association of which he is a member he may, notwithstanding the provisions of his contract declaring the decision of such officers final, unless appealed

from, bring an action against the association. It is certainly imposing no hardship upon the member to require him to pursue the mode pointed out by his contract. The rule we declare is, indeed, favorable to him, for it enables him to appeal to the courts after he has exhausted the remedies designated in the by-laws notwithstanding the provisions of his contract. The member who asks to be relieved from the duty of appealing to the governing body, in such a case as this, asks what equity and justice deny.

Judgment reversed.

Filed Sept. 16, 1890.