Milwaukee Mechanics' Insurance Co. *v.* Stewart *et al.*

Filed November 26, 1895.

---

No. 1.495.

## MILWAUKEE MECHANICS' INSURANCE CO. *v.* STEWART ET AL.

INSURANCE.—*Refusal to Pay Loss.*—*Waiver of Condition to Arbitrate.*—An insurance company which refuses to pay a loss, without offering to submit to arbitration the question as to the amount of damages, waives compliance with a provision in the policy that any disagreement as to the amount of loss shall be submitted to appraisers.

SAME.—*Waiver of Written Notice of Loss, What Amounts to.*—An insurance company which acts upon a notice of loss by its agent,

and recognizes the sufficiency thereof by requiring additional proofs of loss and sending an adjuster, waives a provision in the policy requiring the insured to give written notice of the loss.

NEW TRIAL.—*Assignment for.—Excessive Damages.—Action on Contract.*—An assignment as ground for new trial that excessive damages were assessed, which applies only to cases of tort, raises no question on a motion for new trial in an action *ex contractu* on an insurance policy.

PLEADING.—*Same Exhibit May Serve as Such for All Paragraphs Based Upon It —Record.*—An exhibit which is once filed with a pleading may be used as an exhibit for all subsequent paragraphs of the pleading of which it is made a part.

From the Blackford Circuit Court.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*J. Cantwell, S. W. Cantwell* and *C. F. Coffin,* for appellees.

REINHARD, J.—This is an action by the appellees against the appellant on a policy of fire insurance. The complaint is in three paragraphs. There was a demurrer to the third paragraph of the complaint, which was overruled, and this ruling was excepted to and is here assigned as error. One of the objections urged to this pleading is that there is no copy of the contract declared upon filed as an exhibit therewith. It is averred that a copy of the contract of insurance is filed marked "Exhibit A," and is made a part of the complaint. It is admitted that there is an 'Exhibit A' filed with the complaint and copied in the transcript, but it is insisted that this is not the one referred to in the first and second paragraphs of the complaint. The practice is well settled by the decisions that where an exhibit is once filed with a pleading it will answer as an exhibit for all subsequent paragraphs of the same pleadings of which it is made a part. *Ohio Thresher, etc., Co.* v. *Hensel,* 9

VOL 13—41

Ind. App. 328; *Glass* v. *Murphy*, 4 Ind. App. 530. What is said of this exhibit applies equally to 'Exhibit B,' which is a copy of the written assignment of the policy. It appears in the record, and is sufficient as an exhibit in any paragraph in which it has been referred to as such.

The policy contains a stipulation that "if fire occurs the appellee shall give immediate notice of any loss thereof in writing and within sixty days after the fire, unless such time is extended in writing by the company, shall render a statement to the company, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of the loss thereon, all incumbrances thereon, all insurance, whether valid or not, covering any of said property, and a copy of all the descriptions and schedules in all policies, any change in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire, and shall furnish, if required, modified plans and specifications of any building, fixtures or machinery destroyed or damaged." It is alleged that the appellees have performed all the conditions on their part to be performed, except that they did not immediately notify the appellant in writing of said loss for the reasons stated in said pleading.

It is insisted that the paragraph under consideration shows on its face that the stipulation above set forth has been violated in that the appellees did not give the notice required by the contract. The pleading undertakes to set out at length the various steps taken to comply with the terms of the policy after the loss. It

is averred in this connection that the loss occurred on the 22d day of April, and "that the plaintiffs immediately thereafter, on the 24th day of April, notified said Rhoades and Kinney, who at the time of the execution of the policy and ever since have been the agents of said company in said town, of said loss." It is further alleged in this paragraph that on the 23d day of April, one day after the fire, the agents, Rhoades and Kinney, notified the defendant of the loss, both by telegram and letter, and that, on the 27th day of April, the said agents notified the defendant by telegram that the loss of the plaintiffs was total. The further allegation occurs that the said agents, Rhoades and Kinney, notified the plaintiffs that they need not give any further notice of the loss, as they, the agents, had already notified defendants of such loss, and that an adjuster would come in a few days to adjust the loss. It is further averred that the adjuster did come on the 27th day of April, just a week after the loss. It is also alleged that the appellees made proof of loss on the 17th day of June, 1893, and within sixty days after the fire, and that thereafter, and more than sixty days prior to the bringing of this action, the appellees, at the request of appellant, made additional proof of loss.

Notice to the agent was notice to the company. *North British etc., Ins. Co.* v. *Crutchfield,* 108 Ind. 518. The object of the requirement for notice is that the company shall be authoritatively informed of the loss. If the insured notify the agent, and the latter send written notices to the home office and the company act upon such notice, strict performance of the requirement as to notice is waived. *Ohio Thresher, etc., Co.* v. *Hensel, supra,* at p. 341; *McCormick Harvesting Mach. Co.* v. *Gray,* 100 Ind. 285.

That the appellant was entitled to notice of such

character as the policy specified, cannot be questioned. But it had the undoubted right to waive such notice. Had the company refused or simply failed to act upon the notice given when received by it, there might be some justice in its assertion that it refused to pay because it had not received such notice as the contract required.    No waiver could have been inferred from mere silence.    But when it acted upon the notice and recognized the sufficiency thereof by requiring additional proof of loss and by sending an adjuster, as alleged, thus requiring the insured to perform additional acts and perhaps incur additional expense, it waived strict performance of the condition named. *Replogle* v. *American Ins. Co.*, 132 Ind. 360; *Springfield Engine etc., Co.* v. *Kennedy*, 7 Ind. App. 502, 507.

It is earnestly insisted, however, that the paragraph before us is fatally defective for another reason.    Proviso 15 of the policy declared upon reads as follows:

"In the event of a disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire.    The appraisers together shall then estimate and appraise the loss and state separately sound value and damage, and, failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss."

And proviso 19 of said policy reads thus:    "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with the foregoing requirements, nor unless commenced within twelve months next after the fire."

A stipulation in an insurance policy that the parties

will submit any disagreement as to the amount of damage by fire to arbitration is valid and binding upon the parties, and if the agreement to submit to arbitration is by the terms of the contract made a condition precedent to the maintaining of an action on the policy, such action cannot be maintained unless and until the requirement has been fulfilled. *Manchester Fire Assur. Co.* v. *Koerner*, 13 Ind. App. 372; Wood Fire Ins., section 456.

Ordinarily, it is sufficient for the plaintiff to aver in his complaint that he has performed all conditions precedent on his part to be performed, without expressly alleging that the claim does not fall within one of the conditions named. *Louisville Underwriters* v. *Durland*, 123 Ind. 544.

Appellant's counsel concede the correctness of this as a general rule, but insist that the averments of this complaint take it out of the general rule and cast upon the appellee the duty of averring a waiver of the condition.

Clause 19, above quoted, provides that no action is maintainable upon the policy until the insured shall have complied with all of its requirements. One of the requirements is that the amount of the loss, in case of failure to agree upon the same, shall be submitted to arbitration. The submission to arbitration by the insured, where the contract requires him to procure the arbitration, is a condition precedent to the recovery on the policy. Wood Fire Ins., section 457; May Ins., section 495; *Flaherty* v. *Germania Ins. Co.* (Penn.), 7 Ins. L. J. 226; *United States* v. *Robeson*, 9 Pet. 319; *Hamilton* v. *Liverpool, etc., Ins. Co.*, 136 U. S. 242; *Martinsburg, etc., R. R. Co.* v. *March*, 114 U. S. 549; *Liverpool, etc., Ins. Co.* v. *Creighton*, 51 Ga. 95.

It is averred in the pleading before us that after the appellant had been notified of the loss, as set forth, the appellant's adjuster visited the town where the fire oc-

curred for the purpose of adjusting said loss and viewed the premises where said fire had occurred, and negotiated with the appellees relative to the settlement of said loss, and did, in fact, adjust the loss on the personal property mentioned in the policy, but declined to adjust the loss on said building mentioned therein for the reason that appellees and appellant's said adjuster could not agree on the value of said building, "and for no other reason."

It thus appears that the value of the building burned, or, in other words, the amount of the damage, was the only subject upon which the parties were unable to agree, and that the refusal of the appellant to pay was based upon that ground.

It is not contended by appellant's counsel that the company may not waive the condition, even if it be a condition precedent.

But it is claimed that in the present case it appears from the complaint itself that the company did not waive the stipulation, but refused to pay expressly because it deemed the claim to be excessive. In other words, it is insisted that it is shown that the question of damages was the only question open between the parties, and that when this is the case, and it is stipulated that such question shall be submitted to arbitrators, a proposal by the insured to arbitrate becomes a condition precedent and it devolves upon the plaintiff to show that he proposed a submission and that the defendant refused.

In this view we cannot concur. The rule, as stated by a standard authority, is that if the company refuse to pay the loss, without offering to submit the question as to the amount of damages to arbitration, this would amount to a waiver. Wood Fire Ins., section 457. The facts pleaded in the paragraph before us not only fail to disclose that the appellant offered to submit the question to arbitration, but they expressly show that

after the disagreement between the appellees and the adjuster, the appellees furnished to the appellant proof of loss on said building under the policy, and the appellant on the 27th day of June, 1893, returned such proof to appellees with the request that additional proofs be furnished, and indicating what such proofs should contain. This action was commenced on the 18th day of October, 1893, or nearly four months after the refusal of the company to pay because of the alleged insufficiency of the proofs. It thus appears that while the parties could not agree on the amount of the loss, the appellant also refused to pay anything, because no proper proofs of loss were furnished, and that consequently the question of damages was not the only one open between the parties when the suit was brought. We cannot meet the appellant's contention better than by quoting the language of the supreme court of Wisconsin in a case very similar in its facts to the case at bar :

"Counsel lay stress on the clause of the policy which made the loss payable sixty days after the proofs were received at the Chicago office, *and the loss had been ascertained by the arbitrators* in accordance with the policy. The policy also provided that 'the amount of sound value and of damage may be determined by mutual agreement between the company and the assured or, *failing to agree,* the same shall then be determined by arbitrators, as prescribed.' Manifestly there was no intention of requiring a submission to arbitrators in case the parties agree as to the amount of such loss. The presentation of proofs to the defendant, as indicated, was in effect a claim for the amount of the loss therein specified. It was somewhat in the nature of a stated account. If the defendant deemed the amount too large, or otherwise unsatisfactory, it could easily have made the same manifest, or requested, or at

least suggested, an arbitration.    But the defendant silently acquiesced in the claim for three months before the commencement of the action.    It then sought to use the arbitration clause, not to reduce the amount of the claim, but to defeat the policy altogether.    To allow the clause to have such an effect would be to use it as an instrument for alluring the unwary into a trap from which there could be no escape.    Certainly such a construction should not be given to the clause, unless the language imperatively requires it.    But the arbitration was only provided for in case the parties failed to agree. In case they disagreed, and the amount of loss was submitted to arbitrators, then the same was not to be payable until determined by their award, even though it should not be made until weeks, or even months, after the expiration of the sixty days; and the provision making such an award a condition precedent to the commencement of a suit upon the policy *presupposes such failure to agree* and consequent arbitration."    *Vangindertaelen* v. *Phenix Ins. Co.*, 82 Wis. 112, 118.

Appellant's learned counsel, in connection with their argument on the court's ruling upon the demurrer to this pleading, refer to a letter introduced in evidence and purporting to have been written by appellant's adjuster to the appellees, in which the subject of appraisement by arbitration is mentioned, and it is stated that the company will insist upon all the defenses open to it. But the counsel for appellant well know we cannot consider this letter in connection with the paragraph of complaint before us, unless it is in some way brought into this paragraph, nor have we been able to find in the pleading any averment which, as counsel say, "is an acknowledgment  of this notice."

We think the complaint shows a waiver of the condition as to arbitration by averring that after the dis-

agreement as to the amount of damages the appellant required further proofs of loss, thus in effect denying its liability to pay any amount in the absence of such proofs. This is upon the theory that the clause makes the appellees' proposal to arbitrate a condition precedent. Whether it was such a condition or not we need not decide. If it was not, then the appellant was as much in duty bound to make the proposal to arbitrate as the appellee, and there being no. averment that the appellant demanded and appellees refused an arbitration, and nothing from which the same can be inferred, there is nothing to indicate that the appellees violated the condition referred to. There was no error in overruling the demurrer.

There was a trial by the court and a special finding and conclusions of law.

The appellant filed a motion for a new trial, which was overruled, and an exception entered to the ruling. One of the grounds relied upon for a new trial was that excessive damages were assessed. Counsel for appellees insist that this assignment raises no question. In this view of the law we feel bound to concur. The action is *ex contractu* in form, and in such an action the fifth and not the fourth statutory cause must be specified, the fourth applying only to cases of tort. As was said by the court in *McKinney* v. *State, ex rel.*, 117 Ind. 26 : "It is now insisted that the court erred in overruling the appellants' motion for a new trial, which assigned, among other causes, that the damages were excessive. This conclusion, it is said, is inevitable, because the amount allowed is in excess of the sum claimed in the complaint. It will be observed, there was no objection to the amount of the recovery, nor did the defendant move the court to modify the amount allowed as attor-

ney's fees.    The assignment as a cause for a new trial that the damages are excessive, does not call in question the amount of the recovery in an action on contract.    It has often been decided that this assignment is only applicable to cases of tort."

The same question arose in the case of *McCormick Harvesting Machine Co.* v. *Gray*, 114 Ind. 340.    The following language was used by the court :

"In its motion for a new trial plaintiff assigned the fourth statutory cause, namely, 'excessive damages,' and not the fifth cause, namely, 'error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract,' etc. * * The fourth statutory cause for a new trial 'is proper only in case of torts.'"

It is also complained "that the judgment does not conform to the findings of fact nor the conclusions of law."    The conclusions of law, in effect, are that the appellees are entitled to recover of appellant a certain amount, with six per cent. interest, and that appellant is liable for this amount.    The judgment sufficiently follows such conclusions.

The appellant could doubtless have saved the point as to the amount of the recovery by taking its exception to the conclusions of law severally, but as it attacks such conclusions jointly or collectively, the correctness of the conclusion which fixes the amount of recovery is not questioned.

There was no error in overruling the motion for a new trial upon the grounds referred to.

The remaining questions in this case have been decided adversely to appellant in the recent case of *Germania Fire Ins. Co.* v. *Stewart*, 13 Ind. App. 627

Judgment affirmed.

Filed November 26, 1895.