## LAKE MICHIGAN WATER COMPANY *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

### [No. 9,832. Filed June 18, 1919.]

1. PLEADING.—*Complaint.—Construction.—Variance.*—In an action on a contractor's bond, the bond and the contract, which includes the plans and specifications, must, in considering the complaint, be construed together, and, if any allegations of the complaint vary from the provisions of the contract, the latter will control. p. 541.

2. CONTRACTS.—*Construction Contracts.—Acceptance of Work by Architect.—Conclusiveness.*—Where a contract provides that work shall be done to the satisfaction, approval, or acceptance of an architect or engineer, such architect or engineer is thereby constituted sole arbitrator, and the parties are bound by his decisions in the absence of fraud or such gross mistakes as to imply bad faith or a failure to exercise an honest judgment. p. 541.

3. CONTRACTS.—*Construction Contracts.—Decision of Arbitrator.—Conclusiveness.*—A provision in a building contract by which an architect or engineer becomes the arbitrator is more binding than an ordinary submission to arbitration, since it becomes a part of the consideration of the contract. p. 542.

From St. Joseph Superior Court; *Walter A. Funk,* Judge.

538 APPELLATE COURT OF INDIANA,

Lake Mich. Water Co. *v.* U. S. Fidelity, etc., Co.—70 Ind. App 537.

Action by the Lake Michigan Water Company against the United States Fidelity and Guaranty Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Collins & Collins* and *Anderson, Parker, Crabill & Crumpacker,* for appellant.

*Kenefick & Kenefick* and *McInernys, Yeagley & McVicker,* for appellee.

REMY, J.—On June 9, 1908, the Lake Michigan Water Company, appellant herein, desiring to improve its water supply system at Michigan City, Indiana, entered into a contract with the M. H. McGovern Company, hereinafter called the contractor, to make such improvement. The United States Fidelity and Guaranty Company, appellee, became surety on said contractor's bond for the faithful performance of the contract. This action is by appellant on said bond. The contractor and said guaranty company were each made defendants, but process was never served upon the former. The complaint was in two paragraphs, to each of which appellee successfully demurred for want of sufficient facts. Appellant refused to plead further, and judgment was rendered that appellant take nothing, and that appellee recover costs. The appeal is from this judgment, and the only errors assigned are based on the rulings of the court on the demurrers to the two paragraphs of complaint. Appellant in its oral argument expressly waived the error, if any, as to the court's ruling on the demurrer to the second paragraph of complaint, and rested its case on the alleged error of the court in sustaining appellee's demurrer to the first paragraph.

The first paragraph of complaint, hereinafter de-

nominated the "complaint," is in substance as follows: Appellant on June 9, 1908, entered into a written agreement with the M. H. McGovern Company, by the terms of which agreement said contractor was to furnish the materials and install in Lake Michigan a crib and intake pipe, in consideration of $50,000 to be paid by appellant, for which amount the contractor was to, and did, give a bond to secure the faithful performance of said agreement, with appellee as surety, which bond is made the basis of the action. The written agreement of the contractor and the plans and specifications for the improvement are incorporated in the complaint, and provide that the contractor shall furnish all labor and material, and do all the work in accordance with said plans and specifications, which, as alleged, had been prepared by appellant's engineer. The plans and specifications, in substance, provide that all materials shall be furnished and labor performed to the satisfaction of said engineer, who was employed by appellant to design and supervise the construction of the work; that, in the event of discrepancy between the plans and specifications, the judgment of the engineer shall be final; that any doubt as to the meaning of the specifications shall be explained by the engineer; that, in the event of any leaks, the same shall be stopped to the satisfaction of the engineer; that any materials or work may be rejected by the engineer at any time before the final acceptance of the work; that the contractor is to afford the engineer proper assistance and facilities for the proper inspection of the work and materials; and that, "in case the rate of progress shall be in all respects satisfactory to appellant, monthly estimates will be made of the value of the work fully completed,

constructed and in its proper place, and a voucher for eighty-five per cent. of the estimated value of the work so done during the previous month will be issued, the remaining fifteen per cent. to be reserved till the completion and acceptance of the whole work, at which time two-thirds of the said fifteen per cent. so reserved shall be paid to the contractor, and the remaining one-third retained for sixty days to insure the reconstruction by the contractor of defective work." It is further averred that the contractor negligently failed to perform the work in certain respects in accordance with the terms of the contract, and by reason thereof the intake pipe was rendered weak, leaky and unstable, and admitted sand and gravel into the pumps, whereby said intake pipe became wholly useless to the damage of plaintiff in the sum of $50,000. It is further averred that the defects in the work complained of were latent, and of such a character that plaintiff did not discover and, in the exercise of reasonable care could not have discovered, until the time of the commencement of this action, which was approximately five years after the completion and acceptance of the work and the payment therefor. The usual clause in contracts of this character, providing for repair or maintenance for a definite period after the acceptance of the work, was omitted from the contract.

It is contended by appellee, and such was the holding of the trial court, that the complaint is demurrable for the reason that the facts pleaded show that appellant was bound at its peril so to inspect the work as it progressed that all improper material or defective work would be discovered and rejected before making final payment sixty days after the work

MAY TERM, 1919. 541

Lake Mich. Water Co. *v.* U. S. Fidelity, etc., Co.—70 Ind. App 537.

was completed, and that, inasmuch as the work was accepted and payment therefor made, appellee was released as surety. On the other hand, appellant takes the position that, under the contract, it was not bound to discover the latent defects set forth in the complaint, which defects were not, and could not have been, discovered before settlement.

The bond sued on is an obligation to carry out the contract, and, in considering the complaint, the bond and the contract, which includes the plans and specifications, must be construed together, and, if any allegations of the complaint vary from the provisions of the contract, the latter will control the pleading. *Harrison Bldg., etc., Co.* v. *Lackey* (1897), 149 Ind. 10, 48 N. E. 254; *Dunlap* v. *Eden* (1896), 15 Ind. App. 575, 44 N. E. 560. The contractor did not guarantee the materials furnished nor the efficiency of the work when completed. Its contract was to furnish materials and do the work according to certain plans and specifications prepared by appellant's engineer. All material was to be inspected, and all work to be supervised, by, and to the satisfaction of, such engineer. It is a well-settled rule of law that, where a contract provides that work shall be done to the satisfaction, approval, or acceptance of an architect or engineer, such architect or engineer is thereby constituted sole arbitrator by the parties, and the parties are bound by his decisions in the absence of fraud or such gross mistakes as to imply bad faith or a failure to exercise an honest judgment. *Cook* v. *Foley* (1907), 152 Fed. 41, 81 C. C. A. 237; *Barlow* v. *United States* (1900), 35 Ct. Cl. 514; *Williams* v. *Chicago, etc., R. Co.* (1892), 112 Mo. 463, 20 S. W. 631, 34 Am. St. 403;

542 APPELLATE COURT OF INDIANA,

Lake Mich. Water Co. *v.* U. S. Fidelity, etc., Co.—70 Ind. App. 537.

*Church* v. *Shanklin* (1892), 95 Cal. 626, 30 Pac. 789, 17 L. R. A. 207; *Martinsburg, etc., R. Co.* v. *March* (1885), 114 U. S. 549, 5 Sup. Ct. 1035, 29 L. Ed. 255; *Kennedy* v. *Poor* (1892), 151 Pa. 472, 25 Atl. 119; *Sheffield, etc., R. Co.* v. *Gordon* (1894), 151 U. S. 285, 14 Sup. Ct. 343, 38 L. Ed. 164; *Moore* v. *Kerr* (1884), 65 Cal. 519, 4 Pac. 542. See, also, *Baltimore, etc., R. Co.* v. *Scholes* (1895), 14 Ind. App. 524, 43 N. E. 156, 56 Am. St. 307; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453. A provision in a

3. building contract by which an architect or engineer becomes the arbitrator is, if anything, more binding than an ordinary submission to arbitration, for the reason that it becomes a part of the consideration of the contract. *Williams* v. *Chicago, etc., R. Co., supra.* It has been held that, where the owner and building contractor have agreed that payments shall be made upon estimates furnished by the architect, such estimates have the force of findings between the parties, and are binding on them unless impeached for fraud. *Kilgore* v. *North West, etc., Soc. Baptist Educational Society* (1896), 89 Tex. 465, 35 S. W. 145.

It is very clear that the parties by their contract intended to place the engineer of the water company in charge of the work, and to make it his duty to supervise the construction, to the end that the improvement when completed should be in every particular in accordance with the plans and specifications. Appellee as surety on the bond had no voice in the acceptance or rejection of materials, but had a right to assume that the engineer would do his duty. The bond did not provide that the surety should be responsible for the conduct of the engineer in the exercise of the authority vested in him by virtue of

MAY TERM, 1919. 543

Ferguson, Admx., *v.* Cleveland, etc., R. Co.—70 Ind. App. 543.

the contract. The work was to be completed in the time specified, and, within sixty days after completion it was finally accepted, and payment was made therefor. If the work was not in all things as called for by the contract, the fault lay in the poor judgment or breach of duty on the part of the engineer selected by appellant, but who by the contract had become the arbitrator for both parties. It is not charged in the complaint that there was any fraud or mistake on the part of the engineer. The allegations of the complaint with reference to lack of knowledge on the part of appellant company add nothing to the pleading. Under the terms of the contract appellant's engineer was there as appellant's expert to know what was going on, and this expert of appellant was made the judge for both parties. We conclude that the trial court did not err in sustaining appellee's demurrer to the complaint. Judgment affirmed.