**Ben LERMA and Robert Lerma**

v.

**ALLSTATE INSURANCE COMPANY,**
an Illinois corporation.

**Civ. No. 4758.**

United States District Court
N. D. Indiana,
Hammond Division.
April 22, 1968.

Edward J. Raskosky, Hammond, Ind., for plaintiffs.

Patrick J. Dougherty, Gary, Ind., for defendant.

## MEMORANDUM

BEAMER, District Judge.

Plaintiffs bring this action to recover on the "uninsured motorist coverage" of defendant's policy of automobile insurance No. 12–041–779. Plaintiff Ben Lerma was the named insured in the policy and he alleges that he was injured in an automobile collision with an uninsured motorist while driving an automobile covered by the policy. Plaintiff Robert Lerma alleges that he is the son of Ben Lerma and that he was injured in the same collision with his father, and is also entitled to recover under the "uninsured motorist coverage" clause.

The defendant insurer has filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. It is defendant's contention that the pleadings and exhibits demonstrate that the plaintiffs have failed to fulfill a condition precedent—arbitration. The Contract between the parties provides:

In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Section II.

The plaintiffs contend that this provision is void as against public policy in the State of Indiana.

■ The issue thus presented is whether a contract provision purporting to require the parties to submit future disputes to binding arbitration is void under Indiana law and whether under such a provision, arbitration is a condition precedent to bringing suit on the contract. Both parties have approached this question as one of Indiana law, and the Court, as it is bound to do, decides it on that basis. See Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S. Ct. 273, 100 L.Ed. 199, 202 (1956); Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ An examination of the Indiana cases reveals one overriding fact—confusion. There are three distinct principles enunciated in the various cases. First, the Indiana Supreme Court has held that an agreement purporting to oust the Courts of jurisdiction over a future dispute is void as against public policy. Second, an agreement making arbitration a condition precedent to a suit on the contract is valid under some circumstances. Third, once a dispute has been submitted to arbitration and an award has been made, the award is binding on the parties. It would appear that the strict prohibition enunciated by the Supreme Court would be circumvented by making arbitration a condition precedent to an action on the contract, and making that arbitration binding once it was undertaken. Because the Indiana law may be uncertain or confused is no reason for this Court to ignore it or remake it. Instead, the Court must look to that law to determine what the Indiana courts would do when presented the same questions raised here.

As early as 1882 the Indiana Supreme Court held, in Kistler v. Indianapolis and St. Louis Railroad Co., 88 Ind. 460, 464 (1882) that:

It is said, however, that, by the contract, the parties made the engineer the sole umpire of all differences that might arise between them, and thus precluded themselves from the right to resort to the courts for the settlement of such differences. If the eleventh clause of the contract means this, we think it against public policy, and void.

This case still states the law of Indiana. Later cases, which indicate that submission of the dispute to some third party might be a condition precedent, also hold that the decisions of an arbitrator or third party cannot be made binding. In Supreme Council of the Order of Chosen Friends v. Forsinger, 125 Ind. 52, 25 N.E. 129, 130, 9 L.R.A. 501 (1890) the Court stated: "Our decisions declare that it is not competent for parties, *in advance of any dispute, to oust the jurisdiction of the courts by providing that the decision of persons named in the contract shall be final and conclusive.*" (emphasis added) See Maitland v. Reed, 37 Ind.App. 469, 77 N.E.ʼ 290 (1906).

The defendant claims that even if the arbitration provided in the contract cannot be binding, it is still a condition precedent to a suit on the contract. There are two classes of cases in which arbitration or analogous proceedings have been considered conditions precedent to a suit on the contract. There are cases which hold that submission of a dispute over a building contract to the architect is a legitimate prerequisite to suit on the contract. Lake Michigan Water Co. v. United States Fidelity and Guaranty Co., 70 Ind.App. 537, 123 N.E. 703 (1919); Maitland v. Reed, 37 Ind.App. 469, 77 N.E. 290 (1906).

In Maitland v. Reed, 37 Ind.App. 469, 77 N.E. 290, 291 (1906), involving a money demand upon a construction contract, the Court said:

The parties might properly agree that any controversy or dispute arising under the contract should be submitted for determination to the architect, and it must be shown that such a condition precedent was performed before bringing suit, or a valid reason shown

for its non-performance. But that provision of the contract which assumes to make the decision of the architect, or of an arbitrator, final, is void. It is not competent for parties to a contract, in advance of any dispute, to oust the jurisdiction of the courts by providing that the decision of a party therein named upon a dispute which might thereafter arise shall be final and conclusive.

The exact provision in question called for submission of all disputes to the architect, and if either party was not satisfied with his decision, he could appeal to binding arbitration. The Court held that the provision for submission to the architect was a condition precedent to suit on the contract, but there was no need to further arbitrate the dispute before resorting to the courts, because the provision for further arbitration was against public policy. The Court distinguished cases involving voluntary associations where internal appeal was required before filing suit, on the ground that those cases involved entirely different considerations of public policy.

In Lake Michigan Water Co. v. United States Fidelity and Guaranty Co., 70 Ind.App. 537, 123 N.E. 703 (1919), the Court held that a requirement that work be done to the satisfaction of an architect or engineer was binding, and that "such architect or engineer is thereby constituted sole arbitrator by the parties, and the parties are bound by his decisions in the absence of fraud or such gross mistakes as to imply bad faith or failure to exercise an honest judgment." 123 N.E. at 705. The rationale of both of these decisions is basically the same. The satisfaction and judgment of the architect are a basic part of the construction contract. Although he may be called an "arbitrator" his real function is the application of expert judgment to the work at hand rather than to judge a future dispute.

Other cases have held that arbitration may be a condition precedent to a suit on an insurance policy. In Supreme Council of the Order of Chosen Friends v. Forsinger, 125 Ind. 52, 25 N.E. 129 (1890), involving an action on a life insurance policy issued by a fraternal benefit association, the Court held that submission of the dispute to the proper officials of the society in accordance with the by-laws and insurance contract was a valid condition precedent to a suit on the contract. The considerations involved there, however, are more like those used in applying the doctrine of "exhaustion of remedies" in administrative law, than the application of "arbitration" to a dispute between two unrelated parties. The Court's basic reasoning was considered on the claimant's status as a member of the voluntary association rather than as a party to a contract. *The Court also held that such proceedings would not be binding upon the claimant.*

The two cases which most clearly support the defendant's position are Milwaukee Mechanics' Ins. Co. v. Stewart, 13 Ind.App. 640, 42 N.E. 290 (1895); and Manchester Fire Assur. Co. v. Koerner, 13 Ind.App. 372, 40 N.E. 1110, rehearing denied, 41 N.E. 848 (1895). Both decisions involved suits on fire insurance policies which provided that submission of disputes over the amount of the loss to arbitration was a condition precedent to suit on the policy. The clear conflict of these cases with the dicisions of the Supreme Court is seen in language from Manchester Fire Assur. Co. v. Koerner, 40 N.E. 1110, 1111 (Ind.App.1895) where the Court said "A provision in a contract for the payment of money upon a contingency that the amount to be paid shall be submitted to arbitration, and that such award shall be final as to that amount, is a valid stipulation." No Indiana authority is given in support of this proposition in either case and subsequent decisions of the Appellate Court, such as Maitland v. Reed, *supra,* clearly indicate that the Court does not follow that principle.

The final principle enunciated by the courts of this state which bears upon this question is that a common law submission of a present dispute to arbi-

tration may be revoked at any time prior to an award, but once an award has been made, the parties are bound thereby. Grand Rapids & I. Ry. Co. v. Jaqua, 66 Ind.App. 113, 115 N.E. 73 (1917); Heritage v. State, 43 Ind.App. 595, 88 N.E. 114 (1909). Against this legal background, the defendant would have the Court find that, where the contract provided, submission of a dispute to arbitration is a condition precedent to suit on the contract, even though the arbitration award would not be binding upon the parties. This presents two possibilities. Either the plaintiff would submit the case to arbitration but revoke the submission before an award for fear that the award would be binding under the cases just cited, or he would await the award and then attempt to maintain a suit on the contract. In either case the unwilling plaintiff would be forced to do a useless act which would add to the cost, delay and frustration of litigation. It is an axiom of the law that the Court will not require a useless act, and none would be more useless than unenforceable arbitration between unwilling parties.

 Furthermore, the issues to be submitted to arbitration under this type of insurance contract encompass far more than the amount of damages to be covered. By its terms, the arbitration clause would require the parties to submit legal issues of liability on the contract to persons other than a court of competent jurisdiction. Even in those cases where the Appellate Courts have upheld arbitration, it has been directed solely to the amount of damages to be recovered. The futility of toothless arbitration is only heightened by broadening the issues to be determined. The Court finds that under Indiana law, a contractual provision such as this, requiring future disputes to be submitted to arbitration which is not and cannot be binding, is of no effect.

The Court recognized that the Legislature of this State has provided for a statutory submission of present disputes to arbitration. Burns' Indiana Statutes § 3–201 et seq. This statute has been effective for some time and has not been construed as creating any public policy in favor of arbitration. The Court also recognizes that other jurisdictions have upheld arbitration clauses such as this. Miller v. Allstate Insurance Company, 238 F.Supp. 565 (W.D.Pa.1965); Norton v. Allstate Insurance Company, 226 F.Supp. 373 (E.D.Mich.1964). The cases cited dealt with Pennsylvania and Michigan law respectively. Michigan has a statute, set out in the case, that validates arbitration in insurance contracts. Unfortunately, no such statute exists in Indiana, and this Court is bound to follow Indiana law.

The Court, therefore, finds that the arbitration clause in question is not binding upon the parties and that arbitration is not a condition precedent to maintenance of this lawsuit. The motion to dismiss is denied.