Filed March 6, 1896.

---

No. 1,559.

BALTIMORE, OHIO AND CHICAGO RAILWAY COMPANY
*v.* SCHOLES.

CONTRACT.—*Estimate of Engineer—Fraud or Mistake.*—The effect of a provision of a contract that the estimates of the engineer of one of the parties as to work done, shall be conclusive upon both parties, is merely to make such estimates *prima facie* correct, but they may be attacked either for fraud or mistake.

SAME.—*Where Made.—Presumption.*—A contract will be presumed to have been made in the State in which suit is brought, unless the contrary is made to appear.

EVIDENCE.—*Fraud.—Mistake.—Burden of Proof.*—A party having the burden of establishing fraud or mistake in a civil action, is re-

quired to prove the same by a preponderance of the evidence, but he is not required to establish the same beyond a reasonable doubt.

From the DeKalb Circuit Court.

*J. H. Collins*, for appellant.

*L. M. Ninde & Sons*, for appellee.

REINHARD, J.—Action by the appellee against the appellant, on an account for work and labor in the construction of a railroad yard at Chicago Junction, Ohio, on which a balance of $3,000 is alleged to be due. Subsequently another paragraph of complaint was added. This paragraph declared upon a special contract containing, among others, the following provision:

"And it is expressly understood that the monthly and final estimates of said engineer, as to the quantity, character and value of the work, shall be conclusive between the parties to this contract (the former for the time being and the latter for all time) without further recourse or appeal; the monthly estimates of the engineer being, however, subject to correction by him in any subsequent monthly or in his final estimates, for the reason that the monthly or current estimates, being merely made out as a basis for payment on account, will necessarily be only approximately correct, pains being taken, however, to make them as accurate as possible.

"It is further covenanted and agreed that all extra work required and not embraced under items and prices above set out shall be done by the contractor at the estimate of the engineer, and said engineer shall embody in each monthly estimate a bill for the same, made out as correctly as possible, for the month preceding; these bills shall be final for such months, and the acceptance of the estimates by the said contractor shall be deemed

and taken as waiving any further claims for or on account of extra work done up to that time.

"It is mutually agreed and distinctly understood that the decision of the engineer shall be final and conclusive in any dispute which may arise between the parties to this agreement relative to or touching the same; and said first party does hereby waive any right of action, suit or suits, or other remedy in law or otherwise, by virtue of the covenants herein, so that the decision of the said engineer shall, in the nature of an award, be final and conclusive of the rights and claims of said parties."

The appellant demurred to each paragraph of the complaint, the demurrer was overruled and the appellant excepted.

The appellant answered in six paragraphs, viz :

1. The general denial.

2. Payment.

3. That before the commencement of the action the plaintiff sold, transferred, and assigned to one W. B. Keefer all claims and demands which he might have against the defendant and particularly the claim set out in the plaintiff's complaint.

4 and 5. A written assignment of the claim to W. B. Keefer.

6. That on the fourth day of March, 1891, the plaintiff and defendant mutually settled all matters of difference between them and every demand and claim of any and every kind and nature, whatsoever, of the one against the other, and that the plaintiff acquitted the defendant of any and all liability to him respecting said claim, in consideration of a sum named.

The appellee replied to the sixth paragraph of the answer admitting that the defendant paid him the sum of $1,452.70, but he further averred that after the com-

pletion of the work the defendant wrongfully failed and neglected to make full, true, and complete estimates for the same, and that on account of the delay, neglect and refusal in this regard, and his poverty and inability to procure money with which to pay his debts incurred in the construction of the work, suits were brought against him and the money due him from defendant was garnished and tied up, and that, taking advantage of the situation produced by this conduct of the defendant, the latter through its agents and chief engineer proposed to pay the plaintiff $1,452.70, and further proposed that if plaintiff would accept said money and sign a receipt therefor, it would make further true, full and complete estimates of said work, and would pay plaintiff anything that might be justly due and owing to him, and, in consideration of said agreement he accepted said money and gave his receipt therefor, but that the defendant failed and refused to make any further full, true and correct estimates. It is further averred that at the time plaintiff accepted this money and made this settlement, he protested that there was more due him, and that under his protest and the conditions averred, he accepted the money and signed the receipt.

There was a demurrer to this reply which was overruled and an exception reserved. The cause was submitted for trial to the court, and upon request of parties, there was a special finding of facts together with the court's conclusions of law thereon. The appellant excepted to the conclusions.

It will be noticed that the contract set out with the second paragraph of complaint provides that the work which the appellee agreed to perform for the appellant was to be done under the supervision of the appellant's engineer; that the latter was to make estimates of the

work done as the same progressed, and that upon completion of the whole, the engineer was to inspect it, and payment was to be made according to the estimates of said engineer; and that his final estimates as to the quality, character and value of said work, were to be conclusive between the parties "without further recourse to appeal."

The question is presented to us in various ways, whether in view of such provision the appellee was entitled to recover anything in the present action, it appearing that by the estimates of the engineer there was nothing due the appellee.

The parties may provide that the estimates shall be made by the company's engineer, and that such estimates shall be taken as true and correct. *Kistler* v. *Indianapolis, etc., R. R. Co.*, 88 Ind. 461 (12 Am. and Eng. R. R. case 314); *McCoy* v. *Able*, 131 Ind. 417; *Board, etc.*, v. *Newlin*, 132 Ind. 27. But, at the same time, the estimates made by the engineer are not conclusive. They are only *prima facie* correct, and may be attacked either for fraud or mistake.

As was said by Elliott, C. J., in *McCoy* v. *Able*, *supra*, at page 423: "We cannot agree with counsel that the engineer's estimate is conclusive, for we understand it to be settled by our decisions that parties cannot, by an agreement in advance, oust the jurisdiction of the courts and make conclusive the estimate of an engineer or other person.   *   *   *   But while we do not regard the estimate as conclusive, we do regard it as *prima facie* correct." See also *Bauer* v. *Sampson Lodge, K. of P.*, 102 Ind. 262; *Supreme Council, etc.*, v. *Forsinger*, 125 Ind. 52 (9 L. R. A. 501).

The engineer's estimate, however, will be presumed correct until the contrary appears. The burden rested upon the appellee to allege and show that there was

either fraud or mistake in the estimates made by the engineer. *McCoy* v. *Able, supra.*

It was expressly averred in the second paragraph of the complaint that the estimates of the engineer were erroneous, and the particulars in which they were so stated, and that a true final estimate would have shown appellee to be entitled to the additional sum now claimed by him. It was also averred that appellee never accepted said estimates and that although he received money in payment of said work and signed receipts therefor, he did so under protest, claiming that the same were not the full amounts due him. There are other averments, which, if true, together with those we have recited, entitle the appellee to a recovery.

If the estimates of the engineer were in fact erroneous and the appellee could show this, we see no good reason why they should stand. In *Louisville, etc., R. W. Co.* v. *Donnegan,* 111 Ind. 179, the court, on page 188, said: "The fifth finding was that, owing to the negligence, carelessness, incompetency and mistakes of the company's engineers, the statements of the work were in many instances incorrect. That finding is entirely sufficient to show that the estimates made by the company's engineers were incorrect, and to entitle appellees to recover what was due them, notwithstanding such estimates."

It may be that the estimates are not subject to any collateral attack, but if this be true, the second paragraph of complaint amounts to a direct proceeding to set them aside. The special findings fully support the averments of the second paragraph of the complaint.

It is insisted, however, that "it does not appear anywhere in the pleadings that the Baltimore and Ohio and Chicago Railroad Company was ever a railroad corpora-

tion other than that which its name indicated." From this and the further fact that the work was done in Ohio, it is argued that "if there is any presumption with reference to the place of contract, it is that it was made in the State of Ohio. An Ohio corporation would certainly not go to the State of Indiana, for the purpose of making a contract, and it did not do so." Hence, it is urged that the contract must be construed according to the laws of Ohio, etc.

A contract sued upon in a court in this State will be presumed to have been made here unless the contrary is made to appear. *Rose* v. *Thames Bank*, 15 Ind. 292; *Indianapolis Piano Mfg. Co.* v. *Caven*, 53 Ind. 258.

The rule contended for by appellant's counsel, "that fraud or mistake must be established beyond any doubt," does not obtain in Indiana. In civil actions of this character, under our practice, the party having the burden is required to prove the issues devolving upon him by a preponderance of the evidence. When he has done that, he has satisfied the law. Fraud and mistakes are questions of fact and must be proved like any other fact. If the appellee succeeded in establishing the mistakes alleged, by a preponderance of the evidence, it was sufficient. The court having found in his favor on these questions, and there being evidence to sustain the finding, we cannot undertake to weigh such evidence and decide where the preponderance lies.

Judgment affirmed.

Filed March 6, 1896.