# Fay Gas Fixture Company, Appellant, *v.* Welsbach Light Company.

*Principal and agent—Contract—Terminable contract.*

A person having agreed with the owner of a patented article to sell it in a particular district, subsequently suggested that the contract should continue for five years. The owner answered: " Our ordinary method is to make the length of contract remain in force during the life of the patent. In other words, as long as you push the business it is our interest to let you alone, and when the business isn't worth enough for you to push it, it isn't for our interest to attempt to force you to keep in a business that is unprofitable or distasteful." *Held,* that the relation between the parties was that of principal and agent, and either was at liberty at any time to terminate the relation if unsatisfactory.

Argued April 5, 1898. Appeal, No. 15, Jan. T., 1898, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1896, No. 1176, sustaining demurrer to statement. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Assumpsit for breach of contract in refusing to furnish plaintiff with Welsbach lights agreed upon.

Demurrer to statement that the contract set forth by plaintiff is terminable at will.

The substance of the pleadings appear in the opinion of the Supreme Court.

*Error assigned* was the judgment of the court in sustaining the demurrer.

*James Collins Jones,* with him *Lewin W. Barringer,* for appellant.—The contract constituting the basis of the plaintiff's claim in this case was for a term: Singerly v. Thayer, 108 Pa. 291.

The statement filed in this case shows a consideration moving from the plaintiff sufficient in law to impose upon the defendant the obligation of performing its promises: Wilmoth v. Hensel, 151 Pa. 200; Piqua Branch of the State Bank of Ohio v. Knoop, 16 How. 369; Binghamton Bridge.Case, 3 Wall. 51; City Ry. Co. v. Citizens' R. R. Co., 166 U. S. 557.

The obligation of the defendant was not revocable: 2 Kent's Com. *612; 1 Parsons on Contracts, *39; Mechem on Agency, sec. 1; Karrick v. Hannaman, 168 U. S. 328; Addams v. Tutton, 39 Pa. 447; Reiter v. Morton, 96 Pa. 229; Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205.

The case of Machine Co. v. Ewing, 141 U. S. 627, relied upon by the defendant, is not applicable to the case at bar. In that case there was no period fixed by the contract, but in the case at bar the contract provides for its own duration.

In that case notice was given of an intention to terminate the contract, and according to our own case of Kenderdine Hydro-Carbon Fuel Co. v. Plumb, 182 Pa. 468, such notice is necessary for the termination of such a contract, where no time for its duration is fixed. No such notice was given in the case at bar.

*Charles E. Morgan,* of *Morgan & Lewis,* for appellee.—The language used by the parties does not express an intention that the contract should remain in force for any fixed or definite period: Willcox & Gibbs Sewing Machine Co. v. Ewing, 141 U. S. 627.

The agency was revocable at the will of the defendant: Lawson on Contracts, sec. 97; Clark on Contracts, 165; Hunt v. Rousmanier, 8 Wheaton, 201; Story on Agency, sec. 476; Hartley & Minor's App., 53 Pa. 212; Blackstone v. Buttermore, 53 Pa. 266; Yerkes's App., 99 Pa. 401; Coffin v. Landis, 46 Pa. 426; Peacock v. Cummings, 46 Pa. 434.

OPINION BY MR. JUSTICE McCOLLUM, January 2, 1899:
This is an action of assumpsit brought by the Fay Gas Fix-

ture Company against the Welsbach Light Company. The plaintiff's statement of claim was demurred to by the defendant and the demurrer was sustained by the learned court below. The case is now before us on appeal, and the material question presented by it is whether there was a contract between the parties for a definite time, or a contract terminable by and at the pleasure of either of them. The plaintiff, on September 28, 1893, applied to the defendant for permission to sell Welsbach Lights "in St. Louis, Mo. & East St. Louis, Ill.," and agreed, if permission was granted, not to break the price or sell outside of the territory named. The defendant received the application and granted the permission, saying: "We will not knowingly furnish lights to any other person for sale for such purpose in said territory so long as you do not break the price or sell outside of the territory named, and in all other respects prosecute the business to our satisfaction." The plaintiff, through its president, acknowledged the defendant's letter granting permission as aforesaid, and expressed satisfaction with it, but added the following: "You do not state the length of time that your contract is to remain in force, and I would suggest it be for five years." In reply to this suggestion the defendant company said: "Our ordinary method is to make the length of contract remain in force during the life of the patent. In other words, as long as you push the business it is our interest to let you alone, and when the business isn't worth enough for you to push it, it isn't for our interest to attempt to force you to keep in a business that is unprofitable or distasteful." The correspondence above quoted fairly shows the relation of the parties to each other respecting the transaction between them, and it plainly discloses the fact that they were not parties to a contract for a definite period. The plaintiff sought and obtained from the defendant the privilege of selling the Welsbach lights, in the cities hereinbefore mentioned, upon conditions prescribed by the latter, one of which was that the plaintiff should prosecute the business in all respects to the satisfaction of the defendant. There was no qualification of this condition by the defendant in its letter of October 2, 1893, or in any other written communication upon the subject. Besides, it is not claimed by the plaintiff that there was any other agreement or understanding between the parties than

that which appears in their correspondence. It is plain enough from the defendant's answer to the plaintiff's suggestion of a contract for the period of five years, that the former was unwilling to enter into such a contract or to require the latter to continue in a business or service which might prove unprofitable or distasteful to it. The relation of the parties under the agreement evidenced by their correspondence was clearly that of principal and agent, and either was at liberty to terminate it if unsatisfactory.

Machine Co. v. Ewing, 141 U. S. 627, seems to us as applicable to the case under consideration and to fully sustain the decision appealed from.

Judgment affirmed.