The ground of newly-discovered evidence seems to be substantial. The defense of no funds was interposed. The highway commissioner testified that he had only one cent which he got from his predecessor. But it is now made to appear that the course of business was for the town meeting not to raise funds for highway expenses in advance, but for needed funds to be obtained from a bank which advanced it during the year, and then for the bills to be audited and put in the next tax levy. If the jury had had this evidence before them I do not think they would have found that the commissioner was without funds; that is if any guess can be given as to what such a jury would do.

The motion for a new trial is therefore granted on payment of all costs and disbursements after notice of trial.

---

(47 App. Div. 558.)

### SCOTT v. ENGINEERING NEWS PUB. CO.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

CONTRACT—COMMISSIONS—TERMINATION OF EMPLOYMENT.

> An agreement that plaintiff should receive a certain per cent. on all orders and advertisements secured by him for defendant's periodical, "and also on all business that followed the original contracts," did not give plaintiff a right to commissions on advertisements received by defendant after plaintiff's discharge, from customers whom he originally secured.

Appeal from judgment on report of referee.

Action by Ralph Scott against the Engineering News Publishing Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George A. Stearns, for appellant.

James W. Hawes, for respondent.

BARRETT, J. The plaintiff appeals because the referee disallowed his claim to commissions upon new contracts made by the defendant after his discharge. It is not disputed that the employment was at will, and that the plaintiff's discharge was lawful. The finding upon which the referee's conclusion is questioned reads as follows:

> "That some time in the year 1884 or 1885 the plaintiff and defendant mutually agreed that the plaintiff should procure orders or contracts of advertisements, west of the city of New York, for said periodical, and pay all his traveling and other expenses in procuring the same; that the defendant agreed to pay the plaintiff 25 per centum upon the amount of all orders or contracts of advertisements, and also upon all business that followed the original contracts; and that the parties introduced by the plaintiff were his customers.'

Upon the contract as thus found, the plaintiff contends that he is entitled to recover his commissions upon advertisements received by the defendant, after his discharge, from customers whom he originally secured. The agreement as to commissions upon all business that followed the original contracts was founded upon the defend-

ant's right to the plaintiff's continuous service. He was to have his commission upon all such business, not merely because he had secured these original contracts, but because he was there to aid, if necessary, in securing renewals or additional contracts, and in keeping his customers in touch with the defendant. Whether the renewals or additional contracts came in with or without his personal intervention was unimportant, so long as he was there to spur the customers, should they lag. These customers were his, and his interest to keep them for the joint benefit of himself and his employer was the implied consideration for the defendant's agreement to pay him a commission upon all business that followed the original contracts. He was consequently entitled to commissions upon renewals or additional contracts which came in during his period of employment. We might even go further, and concede that he was entitled to contracts which he had previously secured. There is, however, absolutely nothing in the language of the contract to justify the extreme view of it which the plaintiff now takes. The customers were his while the employment lasted, but they were not his when they chose to contract directly with the defendant after his connection with the latter had ceased. The new contracts which these customers made with the defendant, after the plaintiff's discharge, were independent of those made during the period of his employment. In no just sense did they cover business which followed the original contracts. They covered business which came to the defendant upon a new status, and under the influence of fresh considerations. If the plaintiff is right, then these customers were perpetually his, and they could never, in any contemplated business relation to the defendant, get away from him. He would have more than a life enjoyment with respect to business emanating from them to the defendant; for the right to commissions, as now claimed, would upon his death undoubtedly go to his legal representatives. This was never contemplated. The construction which the plaintiff places upon this contract is strained and farfetched, while that given to it by the referee is entirely reasonable, and must be sustained.

The judgment was right, and should be affirmed, with costs. All concur.