(87 Misc. Rep. 309)

### WORLEY v. CALCULAGRAPH CO.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. PRINCIPAL AND AGENT (§ 81*)—COMMISSIONS OF AGENT.
　　Where plaintiff entered into the employ of defendant under a written contract providing for commissions on sales actually made, plaintiff was not entitled to commissions for sales made after the expiration of the contract to persons he had interested before its expiration, for such customers were his only during the life of the contract, and were at liberty to contract directly with defendant thereafter.
　　[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 194–214, 219, 223; Dec. Dig. § 81.*]

2. EVIDENCE (§ 318*)—DECLARATIONS—ADMISSIBILITY.
　　A letter containing an unverified declaration of a third party is improperly admitted in evidence, not being binding on defendant.
　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by John Worley against the Calculagraph Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Wells & Snedeker, of New York City, for appellant.

Vallandigham B. Baggott, of New York City (Samuel Katz, of New York City, of counsel), for respondent.

COHALAN, J. The action was brought to recover the sum of $101.75 for alleged commissions earned by the plaintiff in the selling of a machine, or instrument, called the "calculagraph." The plaintiff entered the employ of the defendant under a written contract, dated March 12, 1912, and was to receive the salary of $150 per month and traveling expenses; also 12½ per cent. commissions on sales actually made. The contract terminated on September 30, 1912. However, by a further agreement it was continued one month, or, to October 31, 1912. The salary, traveling expenses, and commissions on sales actually made during these periods have been paid in full.

[1] Plaintiff now claims commissions on four sales consummated after the contract of employment had terminated; hence the issue is whether or not the plaintiff is entitled to commissions on sales which were made after the employment had ceased. There are circumstances in the case which seem to conclude the plaintiff on his claim. For example, 19 days after the employment had ceased, the plaintiff wrote to the defendant, as follows:

"A concern that for some time has been interested in the calculagraph * * * I think I can induce to buy a calculagraph. * * * What will you allow me as a commission for the business?"

This would indicate that the words "for some time" included a portion of the period of employment, and showed that the plaintiff recognized that he would not be entitled to commission for a sale made after the termination of his employment. It is alleged in the complaint that two of the sales, upon which commissions were demanded, were made prior to the termination of the first contract. If this be so, the plaintiff would be entitled to his commissions; but the evidence is not clear that these sales were actually made at the time alleged in the complaint. The customers secured by the plaintiff were his while the employment lasted; but they were not his when they chose to contract directly with defendant, after plaintiff's connection with the corporation had ceased. Scott v. Engineering News Publishing Co., 47 App. Div. 558, 62 N. Y. Supp. 609; Jackson v. Stephens, Inc., 83 Misc. Rep. 232, 145 N. Y. Supp. 827. In Scott v. Engineering News Publishing Co., supra, the court said, in a somewhat similar situation:

"In no just sense do they cover business which followed the original contracts. They covered business which came to the defendant upon a new status, and under the influence of fresh considerations. If the plaintiff is right, then these customers were perpetually his, and they could never, in any contemplated business in relation to the defendant, get away from him. He would have more than a life enjoyment with respect to business emanat-

ing from them to the defendant, for the right to commissions, as now claimed, would, upon his death, undoubtedly go to his legal representatives."

[2] The court erred in the admission of plaintiff's Exhibit 4, which was a letter containing an unverified declaration of a third party, and as such it was not binding upon the defendant. Rothchild v. Schwarz, 28 Misc. Rep. 521, 59 N. Y. Supp. 527; O'Brien v. Gallagher, 26 Misc. Rep. 838, 57 N. Y. Supp. 250. On a new trial it is possible that the plaintiff may be able to show that he procured two of the four orders prior to the termination of the contract, as alleged in his complaint.

The judgment, therefore, is reversed, and a new trial ordered; costs to the appellant to abide the event. All concur.