## METAL ASSOCIATES, Inc., v. EAST SIDE METAL SPINNING & STAMPING CORPORATION.
### No. 74, Docket 20742.

Circuit Court of Appeals, Second Circuit.
Dec. 5, 1947.

---

[13] Road Improvement Dist. v. Roach, 8 Cir., 18 F.2d 755, 759; Sun Indemnity Co. v. American University, 58 App.D.C. 184, 26 F.2d 556, 557.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

David Haar, of New York City, for appellant.

Maurice Nagler, of New York City (Eugene L. Bondy, of New York City, of counsel), for appellee.

FRANK, Circuit Judge.

The evidence shows that the parties had oral discussions as to the terms of their agreements and that subsequently they executed writings, signed by both parties, which contained everything they had discussed orally. Defendant argues that the agreements did not create valid binding contracts; in the alternative, defendant argues that, even if the contracts were valid and binding, they were oral and unenforceable under the Statute of·Frauds, New York Personal Property Law, Consol.Laws, c. 41, § 31.[2]

1. The first argument as to each of the agreements is, in effect, as follows: It did not create a valid, binding contract solely because the parties did not explicitly agree on any definite period during which re-orders received by the defendant should impose an obligation on it to the plaintiff. We cannot agree. We think that, under an agreement of this type, such an obligation is to be interpreted as running for at least a reasonable time, in the circumstances.[3] A reasonable time in the circumstances of this case was the duration of the war, i. e., plaintiff was to receive its percentage of payments on all re-orders received by defendant during that period. The time element was, therefore, by interpretation, as much a part of each of the agreements as if it had been explicitly stated. Accordingly, each was a valid and binding contract.

2. In the alternative, defendant argues thus as to each of the agreements: (a) Each was an oral agreement, followed

---

[2] That section, so far as pertinent, is as follows: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime * * *."

[3] Williston, Contracts (Rev. ed.) § 38; Town of Readsboro v. Hoosac Tunnel & W. R. Co., 2 Cir., 6 F.2d 733, 735; Miller v. Miller, 10 Cir., 134 F.2d 583; American Type Founders, Inc. v. Lanston Monotype Machine Co., D.C., 45 F.Supp. 531, affirmed 3 Cir., 137 F.2d 728; 17 C.J. S., Contracts, § 398; 13 C.J., Contracts, § .630.

Where a contract of this type explicitly provides for its duration for a more or less indefinite period, it is not invalid in New York. United Chemical & Exterminating Co. v. Security Exterminating Corp., 246 App.Div. 258, 285 N.Y.S. 291, 292. That case contains a dictum that, where such a contract contains "no provision as to duration," it is "a contract at will"; but the cases there cited are all contracts of employment which (perhaps for policy reasons) the courts differentiate. See Williston, supra.

Scott v. Engineering News Pub. Co., 47 App.Div. 558, 62 N.Y.S. 609, is distinguishable on its facts because, as the court made clear, the contract to pay commissions was auxiliary to a contract of employment at will.

by a written memorandum. (b) Assuming that, despite the absence from the oral agreement of explicit language as to the time element, it gave rise to a valid, binding, oral contract, nevertheless it is not enforceable under the Statute of Frauds because the memorandum is silent as to the time element. (c) For, says defendant, to supply that essential term, it is necessary to resort to evidence, extrinsic to the memorandum, as to the parties' intention, since it is impossible from the face of the memorandum to say whether the contract is to be performed within a year. We think this argument untenable, even if we regard each agreement as an oral contract followed by a memorandum.[4] For the words of the oral contract, properly interpreted, included the time element, and consequently the contract was not silent on that subject. As in each instance the writing contained all the words of the oral contract, the writing similarly included that element, i. e., was not silent with respect thereto. This is not a case where the oral contract provided for a fixed period (say two years) but the memorandum said nothing as to that term.[5]

3. While Tokheim was still a party to the suit, it had demanded a bill of particulars. Such a bill, sworn on behalf of plaintiff, but directed to Tokheim only and not to defendant, East Side, stated that the "agreement with the defendant East Side Metal Spinning & Stamping Corporation * * * was oral." Subsequently, the attorneys for plaintiff and Tokheim signed a stipulation that that bill of particulars should be amended to say that that agreement was "partly oral and partly written." Defendant contends (a) that this statement bound the plaintiff at the trial; and (b) that, consequently, regardless of the fact that the evidence at the trial shows that all the oral understandings were embodied in writings signed by the defendant, it must be taken as undeniably true that some parts of the contracts were not set forth in writings sufficient to constitute compliance with the Statute of Frauds.

Before the jury retired, defendant made this same argument to the trial judge. He rejected it. We agree with him. Ignoring all else, this contention is fatally defective for this reason: Even if we assume that the statement in plaintiff's bill of particulars constitutes an admission, it is merely some evidence not at all necessarily conclusive when considered together with the other evidence. Here the evidence at the trial proved the reduction to writing of all that the parties had previously discussed orally. Whether the bill of particulars, since it was not addressed to this defendant, was part of the pleadings, in the case as tried, we do not now decide. Even if it was, then, at most, the defendant, at the trial, might have asserted surprise because of a variance, and, on that ground, might have sought a continuance.[6] Not having done so, defendant cannot now complain.

4. Defendant at the oral argument in this court, seemed to argue as follows: (a) Relying on the statement in the bill of particulars as to the partial orality of the agreements, defendant introduced much oral evidence and did not object when plaintiff did likewise. (b) Had it not thus relied, defendant would not have introduced such evidence and could properly have objected to the receipt of such evidence offered by plaintiff. (c) If we hold that plaintiff is not bound by the statement in its bill of particulars, we should reverse and remand for a new trial at which defendant can do the needful to prevent the reception of such oral evidence.

Knowing, before the jury retired, that the judge had refused to hold that plaintiff was conclusively bound by the bill of particulars, defendant's able, experienced and ingenious counsel did not then as much as intimate this particular argument to the judge. We therefore refuse to consider it, even assuming that defendant could properly rely on such a bill, not addressed to it, and even assuming (a point we do not decide) that defendant was prejudiced by the

---

4 The trial judge thought each was a written agreement, not an oral agreement followed by a memorandum. We incline to agree with him.

5 Cf. Buff-Merz v. Ratowsky, Sup., 182 N.Y.S. 162; Friedman & Co. v. Newman,

255 N.Y. 340, 174 N.E. 703, 73 A.L.R. 95; Brauer v. Oceanic Steam Navigation Co., 178 N.Y. 339, 70 N.E. 863.

6 See Federal Rules Civil Procedure, rule 15(b), 28 U.S.C.A. following section 723c.

reception of any of the oral evidence. For, even so, defendant, before the jury left the box, should have moved, on that specific ground, for a mistrial. It did not do so. As it chose to gamble on the verdict, defendant must abide by it.

Affirmed.