**LEESONA CORPORATION, Plaintiff,**

**v.**

**COTWOOL MANUFACTURING CORP., JUDSON MILLS DIVISION, Deering Milliken Research Corp. and Whitin Machine Works, Defendants.**

**Civ. A. No. 2729.**

United States District Court
W. D. South Carolina,
Greenville Division.

April 24, 1962.

142

See also 204 F.Supp. 139.

Rainey, Fant & Horton, Greenville, S. C., Watson, Cole, Grindle & Watson, Washington, D. C., for plaintiff.

Price & Poag, Greenville, S. C., Brumbaugh, Free, Graves & Donohue, New York City, for defendants.

WYCHE, Chief Judge.

This is an action for alleged infringement of plaintiff's United States patents Nos. 2,803,105, 2,803,108 and 2,803,109 relating to yarn texturizing machinery and methods of using such machinery.

The case is now before me upon a motion by defendant Deering Milliken Research Corporation to enjoin plaintiff Leesona Corporation from taking further steps in prosecuting its claim against Schwarzenbach Huber Company in an arbitration proceeding on the ground that such proceeding involves an issue which is involved in this action and that to permit such arbitration proceeding to continue would result in irreparable injury to defendant Deering Milliken Research Corporation.

Plaintiff Leesona and defendant Whitin Machine Works compete in the sale of textile machinery. Whitin is the exclusive distributor in the United States of such machinery known as "FT Machines," and has sold such machines to the defendant Cotwool Manufacturing Corporation and to Schwarzenbach Huber Company. Defendant Research has licensed both the defendant Cotwool and Schwarzenbach Huber to use these "FT Machines". Plaintiff alleges in this action that the manufacture, sale and use of the "FT Machine" is an infringement of its above mentioned patents.

■ Plaintiff's claim against Schwarzenbach Huber is under a license agreement dated June 17, 1955, in which Schwarzenbach Huber was granted rights under the same patents as are involved in this action. Plaintiff admits that its claim against Schwarzenbach Huber is based upon the use by that company of the "FT Machine" but contends that the arbitration proceeding does not involve any issue in this action, but it appears to me that the basic issue in the arbitration proceeding is identical to the infringement issue in this action.

Leesona claims in the arbitration proceeding that it is entitled to additional royalties under its license agreement with Schwarzenbach by reason of the latter's use of the "FT Machines". Schwarzenbach's obligation to pay royalties, as defined in paragraph 5 of the agreement, depends upon its production of yarn "under the said license" which is defined in paragraph 2 as a license under United States Patent Applications Serial Nos. 401,803, 401,951 and 401,952 and "any Letters Patent that may issue thereunder". Those applications issued respectively as United States Letters Patent Nos. 2,803,108, 2,803,109 and 2,803,-105 which, as above stated, are the same patents that are involved in this action. Accordingly, Schwarzenbach does not

have an obligation to pay royalties to Leesona on "FT Machine" production unless it is determined that Leesona's licensed patents cover the operation of "FT Machines" i. e., unless it is found that the "FT Machines" infringe the patents involved in this action).

In view of the identity of the infringement issue, it seems likely that continued prosecution of the arbitration proceeding may cause irreparable injury to Research, to Whitin and to Schwarzenbach. Before this action is concluded, customers and prospective customers of Research and Whitin (who are also licensed under the patents in suit), fearing arbitration proceedings and litigation, may turn from "FT Machines" to competitive machinery and a later decision by this Court favorable to Research and Whitin could not repair the damage.

The arbitration decision cannot be set aside for errors of law or fact. Consequently, a prior unfavorable decision by the arbitration panel would bind Whitin's customer (and Research's licensee) Schwarzenbach despite a later decision by this Court in favor of Research and Whitin. The result would be an anomalous situation wherein Schwarzenbach would have to pay royalties to Leesona for "FT Machine" production although this Court would have held that the licensed patents do not cover "FT Machines".

This action involving the principal parties to the controversy had been pending for more than a year when the arbitration proceeding was instituted. In cases of this kind, in my opinion, the courts should enjoin a customer action pending the determination of the primary action involving the real parties in interest. See, International Nickel Co. v. Martin J. Barry, Inc. (C.A.4), 204 F.2d 583 (1953); Telephonics Corp. and Fabrionics Corp. v. Lindly & Co. (C.A. 2), 291 F.2d 445 (1961); Weyerhaeuser Timber Company v. Bostitch, Inc., (D. R.I.) 178 F.Supp. 757 (1959); Squeez-A-Purse Corporation v. Stiller, (N.D. Ohio) 149 F.Supp. 60 (1957); Delamere Co. Inc. v. Taylor-Bell Co., Inc. (S.D. N.Y.) 199 F.Supp. 55 (1961).

█ The subject matter of this controversy itself presents still another reason for postponement of the arbitration proceedings. As stated by the Court in Zip Mfg. Co. v. Pep Mfg. Co. (D.Del.) 44 F.2d 184, 186 (1930): "The determination of the status of a patent, its validity or invalidity, its infringement or noninfringement, is a matter that is inherently unsuited to the procedure of arbitration statutes."

For the foregoing reasons, it is my opinion that the defendant Deering Milliken Research Corporation is entitled to the injunctive relief sought in this motion pending a determination of the issues involved in this controversy.

IT IS, THEREFORE, ORDERED, That pending the further order of this court the plaintiff Leesona Corporation, its servants, agents, officers and attorneys, be and they are enjoined and restrained from taking any further action in the pending arbitration proceedings before the American Arbitration Association in Philadelphia against Schwarzenbach Huber Company for compensation for Schwarzenbach's production of yarn on FT type machines (that is ARTC spindles) supplied by Whitin Machine Works and used by Schwarzenbach Huber Company under license from Deering Milliken Research Corporation, pending entry of final judgment in this action, provided the defendant Deering Milliken Research Corporation, within ten days from the entry of this Order, gives security, as required by Rule 65(c), Rules of Civil Procedure, 28 U.S.C.A., in the sum of Ten Thousand ($10,000.00) Dollars, for the payment of such costs and damages as may be incurred or suffered by the plaintiff Leesona Corporation, if it be found to have been wrongfully enjoined or restrained.