**DIEMATIC MANUFACTURING CORP.,**
**Plaintiff,**

**v.**

**PACKAGING INDUSTRIES, INC.,**
**Defendant.**

**No. 74 Civ. 1557–LFM.**

United States District Court,
S. D. New York.

Sept. 13, 1974.

---

Wyatt, Gerber & Shoup, New York City, for plaintiff; Eliot S. Gerber, New York City, of counsel.

Miller & Summit, New York City, for defendant; Gerard A. Dupuis and Paul D. Siegfried, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiff, Diematic Manufacturing Corp. (Diematic), seeks an order staying certain arbitration proceedings before the American Arbitration Association, entitled "Packaging Industries, Inc., Petitioner vs. Diematic Manufacturing Corp., Respondent/Commercial Arbitration." The proceedings were commenced pursuant to a demand for arbitration made by defendant Packaging Industries, Inc. (Packaging), on March 21, 1974. Defendant cross-moves for a stay of this action pending completion of the arbitration proceedings and for an order dismissing the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Rule 12(b)(1) and (6), Fed.R.Civ.P.

Both plaintiff and defendant manufacture trays and toolings for impulse sealing machinery used in connection with transparent blister packaging of small consumer items, such as razor blades. Both hold patents covering the process by which they produce trays.[1]

On June 6, 1968, in settlement of litigation in this court brought by Packag-ing against Diematic for infringement of its patent, the parties signed a license agreement. Under the agreement, Packaging licensed Diematic to employ its patented process for producing trays for a nine-month period, beginning July 1, 1968. In addition to paying royalties to Packaging, Diematic admitted the validity of Packaging's patent and agreed "not to contest the same directly or indirectly." The agreement stated that:

"[q]uestions of interpretation, enforcement and all disputes between the parties arising from this agreement shall be submitted to arbitration in New York City under the rules and auspices of the American Arbitration Association."

Packaging also agreed to sign a covenant not to sue, which was annexed as an appendix to the agreement. The covenant provided that Packaging would not, in reliance on its patent, sue Diematic in regard to the apparatus used by Diematic to produce trays.

All remained peaceful between the parties until March 20, 1974, when Packaging filed a demand for arbitration, alleging that Diematic, subsequent to the expiration of the nine-month license period, had continued to manufacture and sell trays covered by Packaging's patent, thereby infringing the patent and breaching the agreement. Thereafter, on April 5, 1974, Diematic brought this action, seeking (1) a declaratory judgment that Packaging's patent was invalid and/or that Diematic was not infringing the patent, (2) a stay of the arbitration proceedings, and (3) treble damages for violation of the antitrust laws.

Plaintiff contends that the arbitration proceedings should be stayed because (1) the agreement has expired, (2) defendant's claim in arbitration is for patent infringement arising from its statutory patent rights and is, therefore, a case within the exclusive jurisdiction of the federal courts, and (3) arbitration is

---

1. Packaging's patent is No. 3,170,275, issued February 23, 1974. Diematic's patent is No. 3,617,696, issued in 1971.

not, in any event, appropriate in this case.[2]

■ Plaintiff's first argument is without merit. Although the license granted to Diematic in the agreement was for a nine-month period, which has expired, the other obligations in the agreement, including Diematic's promise not to contest the validity of the patent, are not specifically limited in duration to a nine-month period or any other time limitation. These obligations are still in effect.

As Packaging urges, it would have been absurd for it to settle an action involving infringement of its patent and exact a promise from the alleged infringer, Diematic, that the latter would not dispute the validity of Packaging's patent for a mere nine months. The agreement makes sense only if it is seen as the granting of a limited license to Diematic by Packaging in exchange for Diematic's promise not to contest the patent thereafter.

When the parties intended to limit the duration of certain parts of the agreement, they knew how to do so, as in the granting of the license for only nine months. Diematic's promise not to contest the validity of the Packaging patent contains no such time limitation, nor does the contract itself state that it shall terminate after nine months. Thus, we think it clear that the nine-month period was not intended by the parties to apply to any obligation in the contract except the license.

■■ Since the parties have not specified the duration of the covenant not to contest validity, that covenant remains in effect for a reasonable time under the circumstances.[3] In this situation, a reasonable time is the period during which Packaging's patent is valid and in effect. Since the patent has not yet expired nor been declared invalid, Diematic's obligation not to contest the patent remains in effect and any disputes relating to this continuing obligation are, of course, covered by the arbitration clause.

■ The second issue raised by plaintiff is more troublesome, and its resolution depends upon our interpretation of the claim raised in defendant's demand for arbitration. It has long been the law that not all cases involving patents or the interpretation of the patent laws fall within the exclusive jurisdiction of the federal courts under 28 U.S.C. § 1338(a).[4] Rather, the court must look to the claim asserted to determine whether it is created by the patent laws (e. g., a claim for infringement) or is based upon some right created by state law.[5]

■ Thus, where a suit is based upon a license or royalty agreement and seeks specific performance or damages for breach of contract, the action does not "arise" under the patent laws and a federal court has no jurisdiction over the case absent diversity of citizenship.[6] Moreover, a state court may, if necessary to decide the case before it, determine questions involving the scope, validity or infringement of the patent.[7]

2. Plaintiff also claims that arbitration is barred by defendant's covenant not to sue, but in view of our resolution of plaintiff's other arguments, it is not necessary for us to decide this issue.

3. Metal Associates, Inc. v. East Side Metal Spinning & Stamping Corp., 165 F.2d 163 (2d Cir. 1947).

4. Kysor Indus. Corp. v. Pet, Inc., 459 F.2d 1010 (6th Cir. 1972).

5. See, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916); Koratron Co. v. Deering Milliken, Inc., 418 F.2d 1314 (9th Cir. 1969).

6. Luckett v. Delpark, Inc., 270 U.S. 496, 510, 46 S.Ct. 397, 70 L.Ed. 703 (1926); Wade v. Lawder, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851 (1897); Lear Siegler, Inc. v. Adkins, 330 F.2d 595, 599 (9th Cir. 1964); McMullen v. Bowers, 102 F. 494 (9th Cir. 1900).

7. Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458 (1897); Lear Siegler, Inc. v. Adkins, supra, 330 F.2d at 600; Imperial Appliance Corp. v. Hamilton Mfg. Co., 430 F.2d 185 (7th Cir. 1970). See, Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969).

Plaintiff reads the statement of the "Nature of Dispute" in Exhibit A to the demand for arbitration as reciting a claim for patent infringement. Defendant replies that the claim is based solely on plaintiff's promise in the agreement not to contest the validity of Packaging's patent and, therefore, states a claim for breach of contract. Exhibit A, after reciting the underlying facts in the controversy, states that:

"Respondent [Diematic] has manufactured used and sold trays covered by the patent and therefore has infringed and is infringing upon the patent owned by Claimant [Packaging] and has breached the Agreement."

■ In Exhibit B to the demand, Packaging seeks the following relief:

"1. A full and accurate accounting of all revenues in any way attributable to [Diematic's] infringement upon [Packaging's] patent. . .

2. A permanent injunction whereby [Diematic] will be prohibited from infringing upon [Packaging's] patent."

The language quoted above leads us to the conclusion that Packaging's claim rests both upon its patent and upon the agreement. Thus, two claims are raised—one for patent infringement, one for breach of contract. Obviously, the patent infringement claim falls within the exclusive jurisdiction of the federal courts under 28 U.S.C.A. § 1338(a) and may not be decided by the arbitrators or the state courts. This would leave the breach of contract claim to arbitration. Because of the nature of the issues raised by this claim, however, we think it should not be decided by the arbitrators

and that consequently arbitration should be stayed.

■ The breach of contract claim is based upon Diematic's obligation not to contest the validity of Packaging's patent. Since such an obligation is "a covenant not to manufacture or sell the patented commodity without the consent of the patentee," [8] Diematic has, in effect, promised not to infringe Packaging's patent. Thus, the determination of whether Diematic has breached the agreement will necessarily depend upon whether an infringement has occurred. This issue of infringement, we think, as well as any related issues of patent validity, should be decided not by the arbitrators, but by a court of law.

■ Questions of patent law are not mere private matters.[9] The patent laws, in sharp contrast to the general federal policy encouraging free competition expressed in the antitrust laws, grant limited monopolies to inventors.[10] Thus, the public has an important interest in the determination of patent validity and infringement, even though those issues may be decided in the context of a private lawsuit.[11] We think, as have other courts which have considered this issue, that the grave public interest in questions of patent validity and infringement renders them inappropriate for determination in arbitration proceedings.[12]

Our conclusion is reinforced by an analogous decision of our Court of Appeals in the antitrust field.[13] In *American Safety*, a party to a trademark license agreement sought to avoid arbitration of a claim for royalties under the agreement, claiming that the contract

8. Business Forms Finishing Serv., Inc. v. Carson, 452 F.2d 70 (7th Cir. 1971).

9. Cf. American Safety Equip. Corp. v. J. P. Maguire & Co., 391 F.2d 821, 826 (2d Cir. 1968).

10. Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co., 324 U.S. 806, 816, 65 S.Ct. 993, 89 L.Ed. 1381 (1945).

11. Lear, Inc. v. Adkins, *supra*, 395 U.S. at 670, 89 S.Ct. 1902, 23 L.Ed.2d 610.

12. Beckman Instruments, Inc. v. Technical Dev. Corp., 433 F.2d 55, 63 (7th Cir. 1970); Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 204 F.Supp. 141 (D.S.C. 1962), aff'd, 315 F.2d 538 (4th Cir. 1963); Zip Mfg. Co. v. Pep Mfg. Co., 44 F.2d 184, 186 (D.Del.1930).

13. American Safety Equipment Corp. v. J. P. Maguire & Co., *supra*, 391 F.2d at 821.

was void for violation of the antitrust laws. The district court refused to enjoin arbitration, but the Court of Appeals remanded for consideration of the antitrust issues by the district court, concluding that "the pervasive public interest in enforcement of the antitrust laws, and the nature of the claims that arise in such cases, combine to make [them] . . . inappropriate for arbitration."[14] The same considerations cited in *American Safety*, we believe, apply in the patent field and, therefore, we conclude that the issues raised by Packaging's claim are inappropriate for arbitration and that arbitration should, consequently, be stayed. It follows from our decision to stay arbitration that there is no reason why this action should not go forward and, therefore, defendant's motion to stay this action pending arbitration is denied.

We turn, now, to defendant's motion to dismiss.

 Defendant first contends that we should, in our discretion, refuse to permit plaintiff to bring its claim for declaratory relief because this action is "simply an effort to invoke the jurisdiction of this court to the exclusion of the arbitration proceeding previously instituted." Citing Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952), defendant claims that proper respect for the arbitrators, as well as the nature of plaintiff's claim, indicate that we should not take jurisdiction of the declaratory claim. As we have already held, however, we think arbitration an inappropriate forum for determination of the patent questions raised by defendant. Thus, unlike *Wycoff*, there is no real issue of comity or respect for another forum here. More-

over, we are presented with a real case and controversy. Defendant, in its attempt to arbitrate the dispute, has alleged infringement of its patent. Plaintiff, by filing this suit, has denied both infringement and the validity of defendant's patent. Thus, a real dispute exists between the parties. The element of prematurity which was present in *Wycoff*, 344 U.S. at 245–246, 73 S.Ct. 236, is absent here. We conclude, therefore that plaintiff has properly brought its declaratory action and refuse to dismiss it.

Defendant also argues, relying on Diematic's admission of the validity of the Packaging patent and its agreement not to contest it, that plaintiff is barred from bringing this action.[15] This contention need not detain us long.

Several courts have held that a covenant not to contest a patent is void and unenforceable and does not bar raising the issue of validity, either affirmatively or as a defense.[16]

In Lear, Inc. v. Adkins, 395 U.S. 653, 670–671, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), the Supreme Court held that the doctrine of licensee estoppel will not bar a patent licensee from challenging the validity of his licensor's patent in a suit for royalties. The Court based its holding on "the important public interest in permitting full and free competition in the use of ideas" and the fact that "[l]icensees may often be the only individuals with enough economic incentive to challenge the patentability of an inventor's discovery." 395 U.S. at 670, 89 S.Ct. at 1911.

 The considerations relied on by the Court in *Lear* are equally valid with regard to agreements not to contest patent validity and indicate that enforcement of such agreements is contrary to

---

14. 391 F.2d at 827–828.

15. Defendant directs this argument to the entire complaint, reasoning that the antitrust claim (Count III) rests upon an allegation that defendant's patent is invalid.

16. Business Forms Finishing Serv., Inc. v. Carson, *supra*, 452 F.2d at 75; Massillon-Cleveland-Akron Sign Co. v. Golden · State Advertising Co., 444 F.2d 425 (9th Cir. 1971); Plastic Contact Lens Co. v. W.R.S. Contact Lens Laboratories, Inc., 330 F.Supp. 441 (S.D.N.Y.1970); Kraly v. National Distillers & Chem. Corp., 319 F.Supp. 1349 (N.D.Ill.1970); Rialto Prod., Inc. v. Rayex Corp., 166 U.S.P.Q. 222 (Sup.Ct.Queens Cty. 1970).

the policy and spirit of the patent laws. In light of *Lear*, therefore, we conclude, as have other courts to consider this issue, that agreements not to contest patent validity are void, as in conflict with federal patent policy.[17] Since Diematic's promise not to contest the validity of Packaging's patent is void, Diematic is not barred from bringing this action, and the motion to dismiss must be denied.

Accordingly, plaintiff's application for an order staying the arbitration proceeding, entitled "Packaging Industries, Inc., Petitioner vs. Diematic Manufacturing Corp., Respondent/Commercial Arbitration," is granted. Defendant's cross-motion for a stay of this action pending arbitration is denied. Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, Rules 12(b)(1) and (6), is denied.

Settle order on notice within ten (10) days.

---

**17.** See cases cited above. Cf. Edward Katzinger Co. v. Chicago Metallic Mfg. Co., 329 U.S. 394, 67 S.Ct. 416, 91 L.Ed. 374 (1947).