The WARNER & SWASEY
COMPANY, Appellant,

v.

SALVAGNINI TRANSFERICA S.P.A.,
Etc., et al., Appellees.

Appeal No. 86–1247.

United States Court of Appeals,
Federal Circuit.

Dec. 2, 1986.

Thomas K. Ziegler, Cullen, Sloman, Cantor, Grauer, Scott & Rutherford, P.C., Detroit, Mich., argued, for appellant. With him on the brief was Jerold I. Schneider.

Saul L. Sherman, Schnader, Harrison, Segal & Lewis, New York City, argued, for appellees. With him on the brief was Dennis A. Adelson, of counsel.

Before BALDWIN, Senior Circuit Judge,* SMITH and NIES, Circuit Judges.

---

* The Honorable Phillip B. Baldwin assumed Senior Circuit Judge status effective November 25, 1986.

BALDWIN, Senior Circuit Judge.

*Background*

The background of this case is described at 633 F.Supp. 1209, 230 USPQ 682, in a well-written opinion by Judge Curtin, familiarity with which will be presumed.

This is a suit for patent infringement filed by Warner & Swasey Company (W & S), the exclusive licensee, against the licensor, Salvagnini Transferica S.p.A. and the inventor, Guido Salvagnini (Salvagnini). The relationship between the parties is governed by an agreement which provides that "[a]ny suit brought by Salvagnini shall be brought in Cleveland, Ohio; any suit brought by W & S shall be brought in Vicenza, Italy."

W & S filed suit in the Western District of New York. On motion for summary judgment, the trial court found the choice of forum clause applicable, granted summary judgment, and dismissed the complaint. We affirm.

*Issue*

Did the trial court properly dismiss the complaint based on the choice of forum clause in the licensing agreement?

OPINION

The trial court focused on the following language in Article XVIII of the licensing agreement:

> In the event either party intends to file suit against the other on the basis of an alleged breach of this Agreement, or any provision thereof, such party shall notify the other party at least two months before such suit is instituted, stating its intentions and the basis of the proposed action. Both parties agree to use their best efforts during the two month period to try to resolve their differences and avoid the litigation. Any suit brought by Salvagnini shall be brought in Cleveland, Ohio; any suit brought by W & S shall be brought in Vicenza, Italy.

Salvagnini interprets this clause to mean any suit brought by his company would be brought in Ohio while any suit brought by

W & S would be brought in Italy. W & S contends the clause applies only to actions based on a breach of the licensing agreement. The trial court did not choose between these interpretations, but noted that, assuming W & S was right, the clause would still apply because the action is ultimately based on an alleged breach of the licensing agreement by Salvagnini. We find no error in the court's treatment of this issue.

W & S raises several arguments in support of its position that, if the licensing agreement is applicable, it is not enforceable. These arguments are adequately treated by the lower court opinion. Accordingly, we *affirm* on the basis of the opinion below.

AFFIRMED.